#1026797-9

ORIGINAL

FILED
APR 10 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

IBA MOLECULAR )
NORTH AMERICA, INC )
100 Executive Drive )
Sterling, Virginia 20166 )
)
v. ) Case No. 08-263 C
)
UNITED STATES )
)
)

## COMPLAINT

IBA Molecular, North America, Inc., brings this lawsuit to recover fees that it is owed for products ordered by a department of the United States, the Department of Veteran Affairs, and provided by IBA Molecular, North America, Inc. pursuant to an agreement between the parties.

## NATURE OF ACTION

1. Department of Veterans Affairs Medical Center Department of Nuclear Medicine, located at 50 Irving Street NW, Washington, DC 20422, a Department of the United States of America, entered into an agreement with the Plaintiff to purchase isotopes from Plaintiff. Plaintiff has delivered such isotopes to Defendant. Defendant accepted delivery of such isotopes and has continued to regularly order more isotopes for two years.

2. Defendant ordered, received and accepted from Plaintiff goods totaling $285,373.07.

3. Defendant has paid some invoices but still owes the Plaintiff $140,074.44.

4. As such, Defendant breached the terms of the parties' agreement.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to Contract Disputes Act of 1978, 41 U.S.C. § 609.

## PARTIES

6. Plaintiff, IBA Molecular, North America, Inc., is a Virginia corporation in good standing. The Plaintiff is a supplier of isotopes. Its principal place of business is in Sterling, Virginia, within this district. At the time of the contract, the Plaintiff was known by the name "Eastern Isotopes." The company simply changed its name in accordance with the laws of the Commonwealth of Virginia.

7. Upon information and belief, Department of Veteran Affairs, is a department of the Defendant, the United States.

## FACTUAL ALLEGATIONS

8. Plaintiff and Defendant signed an agreement on August 28, 2001.

9. Since Aug 2001, Defendant ordered, and Plaintiff shipped, the doses of isotopes under the Agreement.

10. Defendant never returned the doses and never stated that they did not have an agreement with the Plaintiff. Upon information and belief, such isotopes were used by Defendant in the ordinary course of its medical business.

11. Defendant continued to order, receive and accept doses of isotopes from Plaintiff until around February 2005.

12. Defendant has previously paid invoices totaling $234,191.06

13. The Agreement allows the Plaintiff to charge interest on unpaid invoices.

14. Defendant still has an unpaid balance of $51,182.01. With interest it totals about $140,074.44.

15. Plaintiff never received any other payment from Defendant.

16. Plaintiff sent numerous letters demanding payment and called the offices several times. The Plaintiff even sent a demand letter to the Office of General Counsel for the Department of Veterans Affairs.

17. On July 2007 the Plaintiff filed an action with this Court. The Plaintiff later withdrew the case.

18. On February 22, 2006 and on April 27, 2006, the Plaintiff wrote a letter to Mr. Phillip Kauffman, then the General Counsel, of the Department of Veteran's Affairs. However, the letter was defective and did not satisfy the requirements of FAR 33.207(c).

19. Defendant never responded. Under FAR 33.207 (f), this Court does not lose jurisdiction just because the certification does not meet the technical rules of FAR 33.207(c). Thus the Plaintiff did not have to withdraw.

20. The Plaintiff withdrew the case on assurances of the government that this matter can be resolved.

21. On November 13, 2007, the Plaintiff sent a certified claim to Ms. Joan Van Middlesworth.

22. If the certification is defective, FAR 33.211(e) requires the contracting officer to notify the Plaintiff within 60 days of the reasons why it is defective. Otherwise, the contracting officer must adjudicate the claim.

23. The Department of Veteran's Affairs did not notify the Plaintiff until February 14, 2008, more than 60 days after the certification was filed.

24. On March 26, 2008, the Plaintiff sent the agency counsel assigned to the matter, Mr. Tony Ross, additional information regarding the claim. The additional information contained specific prescription numbers that can be traced back to specific patients.

25. According to the letter sent by Ms. Van Middlesworth, this new information was not considered.

26. Plaintiff would have sent the additional material to Ms. Van Middlesworth directly, however, Mr. Ross, the agency counsel, informed Plaintiff not to contact any other members of the agency.

**COUNT 1**

27. Plaintiff incorporates by reference paragraphs 1-25, *supra,* as if fully set forth herein.

28. Defendant breached its contract with Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests that this Court:

a. Declare that Defendant has breached its agreement with Plaintiff;

b. Award Plaintiff damages under the contract of $140,074.44 plus interest;

c. Award Plaintiff its attorneys' fees, court costs and all other litigation expenses; and

d. Grant any other relief the Court deems appropriate.

Respectfully submitted,

[signature]

Faisal Gill
Gill Law Firm
1101 30th Street
Suite 500
Washington, DC 20007
(202) 625-4898 (o)
(202) 330-5468 (fax)