**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| IBA MOLECULAR NORTH AMERICA, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 08-263C (Judge C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's introduction constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required.

**NATURE OF ACTION**

1. Denies that the Department of Veterans Affairs ("VA") entered into a contract with plaintiff, IBA Molecular North America, Inc. ("IBA" or "plaintiff"). Admits that the VA entered into Contract No. V688P-2637 (the "Contract") with Eastern Isotopes, Inc. ("Eastern"). Admits that the VA ordered, received, and accepted radiopharmaceutical products from Eastern during the period of contract performance.

2. Denies.

3. Denies. Alleges that the VA has paid all invoices and interest due pursuant to the Contract.

4. The allegation in paragraph 4 is a conclusion of law to which no response is required; to the extent it is deemed an allegation of fact, it is denied.

## JURISDICTION AND VENUE

5. The allegation in paragraph 5 is a conclusion of law to which no response is required.

## PARTIES

6. Admits that the VA entered into the Contract with Eastern. Denies the remainder of the allegations contained in paragraph 6 for lack of information sufficient to form a belief as to their truth.

7. Admits that the VA is an agency of the United States.

## FACTUAL ALLEGATIONS

8. Denies. On August 28, 2001, the VA entered into Contract No. V688P-2637 with Eastern.

9. Admits that the VA ordered, received, and accepted radiopharmaceutical products from Eastern during the period of performance of the Contract, which was signed on August 28, 2001. The Contract was effective beginning October 1, 2001 through September 30, 2002, with two one-year renewal options.

10. Admits that the VA did not return the doses to plaintiff. Admits that the isotopes were used in the ordinary course of business. Denies that the VA never stated it did not have an agreement with plaintiff. On April 2, 2008, the VA responded to plaintiff's February 21, 2008 claim. The VA's response stated that IBA was not a party to the Contract when it was formed.

11. Denies.

12. Denies. Alleges that the VA has paid all invoices and interest due under the Contract.

13. Admits that the Contract incorporates 48 C.F.R. 52.212-4 by reference, which states that "[t]he Government will make payment in accordance with the Prompt Payment Act (31 U.S.C. 3903) and prompt payment regulations at 5 CFR part 1315." 48 C.F.R. 52.212-4(i)(2).

14. Denies.

15. Denies. On June 30, 2008, the VA paid IBA $43,156.43.

16. Denies. On November 13, 2007, plaintiff requested "a formal decision on the back payment owed by VA to Eastern Isotopes, now known as IBA Molecular, North America." Because plaintiff has failed to identify the dates or recipients of the calls and letters to the VA, it is not possible to respond to the remainder of the allegations in paragraph 16.

17. Denies that plaintiff filed an action in July, 2007 with this Court. On August 15, 2007, plaintiff filed an action in this Court. Admits that plaintiff later withdrew the case.

18. Denies. The VA's records do not reflect receiving letters from plaintiff on February 22, 2006 or April 27, 2006.

19. Denies. The VA's records do not reflect receiving letters from plaintiff on February 22, 2006 or April 27, 2006, or that a response was sent to such letters. Regarding the second and third sentences of paragraph 19, the allegations are conclusions of law to which no response is required.

20. Denies.

21. Admits that on November 13, 2007, plaintiff requested "a formal decision on the back payment owed by VA to Eastern Isotopes, now known as IBA Molecular, North America." Regarding plaintiff's characterization that the letter was a "certified claim," this allegation is a conclusion of law to which no response is required.

22. The allegations in paragraph 22 are conclusions of law to which no response is required.

23. Admits that on February 14, 2008, the VA advised IBA that its claim did not contain the certification as required by FAR 33.207(a) and (c).

24. Admits that on March 26, 2008, plaintiff, by electronic mail, sent agency counsel, Tony Ross, voluminous spreadsheets allegedly related to plaintiff's claim.

25. Denies.

26. Denies.

**COUNT I**

27. Defendant incorporates by reference its responses to paragraphs 1 through 26.

28. The allegation in paragraph 28 is a conclusion of law to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

29. Denies that plaintiff is entitled to the relief requested in the prayer for relief or to any relief whatsoever.

30. Denies each allegation not previously admitted or otherwise qualified.

**AFFIRMATIVE DEFENSE**

31. Plaintiff's claim is totally or partially barred by the defense of payment insofar as plaintiff has received payment and has been fully compensated pursuant to the terms and conditions of the contract.

**PRAYER FOR RELIEF**

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

/s/Sean M. Dunn

-

SEAN M. DUNN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: (202) 307-0367
Fax: (202) 514-7969

August 25, 2008

Attorneys for Respondent

**CERTIFICATE OF FILING**

I hereby certify that on this 25th day of August, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sean M. Dunn